**Desmond LAMONT, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 68–22.**

United States District Court,
W. D. Pennsylvania.

July 20, 1970.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is an action filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), wherein plaintiff seeks judicial review of the decision of the Secretary of Health, Education and Welfare denying his claim filed on September 29, 1966 for disability insurance benefits under § 223 and for a period of disability under § 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i).

Plaintiff originally filed claims for disability benefits under the Social Security Act on January 27, 1964 and August 16, 1965. The claims were disallowed by the Bureau of Disability Insurance, and a hearing subsequently was requested and held on June 3, 1966. The Hearing Examiner denied the claim. A request was filed for review of the Hearing Examiner's decision. The Appeals Council denied the plaintiff's request for review and affirmed the decision of the Hearing Examiner. No judicial appeal was taken from the Appeals Council's denial.

Plaintiff then filed on September 29, 1966 the instant application for period of disability and disability insurance benefits, wherein he alleged that he became unable to engage in any substantial gainful activity on July 29, 1966. The Bureau of Disability Insurance again disallowed the claim. Upon request, a hearing was conducted by a Hearing Examiner on October 6, 1967. The Hearing Examiner rendered a decision against the plaintiff on October 20, 1967. The Appeals Council denied a request for review on December 14, 1967.

A Complaint was timely filed in the United States District Court for the Western District of Pennsylvania pursuant to § 205(g), *supra*. By Order dated February 13, 1968, the Honorable Herbert P. Sorg remanded the action to the Secretary of Health, Education and Welfare for the purpose of receiving additional evidence which had not originally been proffered before the Hearing Examiner. Pursuant to the order of remand, a supplemental hearing was conducted by the Hearing Examiner on June 13, 1968. The Hearing Examiner then issued a recommended decision on August 20, 1968, denying relief to the plaintiff.

Objections were then filed with the Appeals Council by plaintiff's attorney. The Appeals Council, upon consideration of these exceptions, concluded that doubt had been raised as to the correctness of the Hearing Examiner's recommended decision and remanded for further hearing before the Examiner. Also, the Appeals Council received additional evidence in order to further clarify the evidence forming the basis for the Hearing Examiner's recommended decision. Upon review of the evidence adduced before the Hearing Examiner and the additional evidence placed before the Appeals Council, the Appeals Council decided on November 28, 1969 that plaintiff was not entitled to a period of disability or to disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, as amended, *supra*.

It then was requested that the proceeding in this District Court be reopened to consider the decision of the

Secretary of Health, Education and Welfare subsequent to remand. Defendant filed an Answer, accompanied with the complete administrative record, and subsequently filed a Motion for Summary Judgment. Counsel for the respective parties have consented to an adjudication upon the Motion for Summary Judgment upon the written briefs of the parties, waiving oral argument.

■ Pertaining to the scope of judicial review, § 205(g), *supra*, provides as follows:

"The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this Section and Section 10(e) of the Administrative Procedure Act, 5 U. S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957). In this determination, the Federal District Court is not to decide questions of credibility, and if the record as a whole will support equivocal but reasonable determinations, the District Court may not make a re-determination in accordance with its own views of the case. Moon v. Celebrezze, 340 F.2d 926, 930 (7th Cir. 1965); Lechelt v. Cohen, 428 F.2d 214 (7th Cir. 1970), decided June 17, 1970, but not yet officially reported.

It was the essential finding of the Appeals Council that, when last qualifying under the earning requirements of the Act, plaintiff suffered from silicosis and a related pulmonary disfunction of a severity sufficient to render him unable to do his previous work as a coal miner, but not to impair his ability to "engage in any other substantial gainful work which exists in the national economy." Based upon the medical and vocational evidence, the Appeals Council found that plaintiff remained able to perform light and sedentary tasks on a sustained work-week basis. Plaintiff, in this appeal, takes issue both with the extent of physical impairment found by the Appeals Council and also with the testimony of the vocational experts as to the extent to which light work existed and was available to the plaintiff.

■ Plaintiff contends that, at the time when he last qualified under the earning requirements of the Act, he suffered not only from a lung impairment, but also from osteoarthritis of the joints of his fingers, a possible pulmonary infarction, a "decompensated back and a recurrent facet syndrome", and a second cervical root syndrome due to a cervical spondylosis. It is contended that the Hearing Examiner overlooked the cumulative effect of these various impairments in rendering his decision. However, the mere presence of a disease or medically determinable impairment does not automatically entitle a claimant to a disability period or disability insurance benefits under the Social Security Act, for it must be shown additionally that the impairment causes "an inability to engage in any substantial gainful activity." Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962). While the aforementioned medically determinable impairments were before the Hearing Examiner and Appeals Council, neither the medical or vocational experts were of the opinion that any of these individual impairments other than the pulmonary impairment substantially affected plaintiff's opportunity to obtain "any gainful employment." With respect to the particular impairment of cervical root syndrome, the evidence indicates that this problem developed subsequent to the period within which plaintiff met the earning requirements of the Act, and, accordingly, cannot serve as a basis for qualifying under the disability provisions of the Act.

Also, it is contended that the Hearing Examiner failed to give due cognizance to plaintiff's own testimony as to symp-

toms experienced, sleeplessness at night, pains and aches in his legs, and blackouts which he allegedly experienced four or five times a week. With respect to the symptomatic complaints, the Appeals Council found on the basis of the testimony of Dr. Treger, that these symptomatic complaints were inconsistent with plaintiff's medically determinable ailments. With these findings, the Court cannot take issue.

Plaintiff also points to the reports of Dr. Joel Goldman and Dr. Morton J. Earley, both of whom, upon examination of plaintiff in 1964, concluded that plaintiff was totally and permanently industrially disabled because of silicosis and emphysema. Nevertheless, this conclusion was contradicted by the testimony of Drs. Katter, Bradley, Wright, Klemens, and Snider, all of whom found that plaintiff was not totally disabled because of his pulmonary impairment. Two vocational experts, Mr. Cleeton and Dr. Stouffer, while concluding that plaintiff was precluded from his previous occupation of coal mining, found that plaintiff's impairments were not such as to preclude his performance of sedentary or light work. Dr. Stouffer's testimony was based upon all of the evidence, including the additional evidence, offered before the Appeals Council. He suggested as sedentary jobs, shoe cleaner, bench hand, oiler, assembler and time keeper. As light jobs, Dr. Stouffer suggested building supervisor, fork lift operator, hand packager, machine packager, carton forming machine operator, drill press operator, package sealer and marker.

The plaintiff met his initial burden of proof by demonstrating that he could no longer perform the work for which he has been trained or in which he has been experienced. The burden then shifted to the Secretary to demonstrate that there was gainful work available in the national economy. This defendant successfully proved by the testimony of the vocational experts, which was uncontradicted. The jobs cited by the vocational experts were stated to be available in plaintiff's local community. Also, the report of the psychological examination of the plaintiff offered in evidence before the Appeals Council was indicative of plaintiff's considerable potential to perform a variety of jobs other than that in which he had been previously employed. While it may be conceded that the Secretary's burden is to prove that there was a realistic possibility of employment, nevertheless, in the instant case, we think the testimony of the vocational experts indicates that there was such an opportunity, in actuality and not merely apparently, for plaintiff to perform the jobs listed by the vocational experts, which jobs, in fact, exist in the local community.

On the basis of the foregoing, the Court concludes that there is substantial evidence to support the finding of the Secretary that plaintiff, while suffering from an impairment rendering him unable to perform the work in which he was previously engaged, nevertheless, does not suffer from an impairment of such severity that he is unable to engage in any gainful employment in the national economy. Accordingly, the decision of the Appeals Council must be affirmed, and the Motion for Summary Judgment granted.