Josephine GACHETTE, Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare of the United States of America in his official capacity.

No. 76–1831.

United States Court of Appeals, Third Circuit.

Argued Feb. 17, 1977.

Decided March 10, 1977.

Annamay T. Sheppard, West Orange, N. J., for appellant; Dale C. Kutzbach, Legal Intern, on the brief.

Sidney A. Sayovitz, Office of Regional Counsel, Dept. of HEW, New York City, Barry J. Reiber, Asst. Regional Atty., Dept. of HEW, New York City, Jonathan L. Goldstein, U. S. Atty., Newark, N. J., for appellee; Borge Varmer, Regional Atty., New York City, on the brief.

Before ALDISERT and GARTH, Circuit Judges, and STAPLETON, District Judge.*

## OPINION OF THE COURT

### PER CURIAM.

The question for decision is whether the district court fully addressed the central question in a petition for review of a denial of a Social Security Act claim. The administrative law judge [ALJ] determined that the primary question was whether the claimant was disabled prior to December 31, 1964. Because the district court's adjudication is not complete on this essential point, we vacate its order and remand for reconsideration.

On July 17, 1973, Josephine Gachette applied for Social Security disability insurance benefits, alleging that she had been unable to work in any substantial capacity since 1969. The Social Security Administration denied her application, finding that she did not "meet the disability requirement of the law." It approved its initial decision upon reconsideration on November 13, 1973. Gachette appealed to an ALJ who, after considering the case de novo, found that the claim should be denied since there was no medical evidence describing Gachette's claimed disability on or before December 31, 1964, the last date on which she met the requisite insured status. The Appeals Council upheld the ALJ's decision on November 19, 1974, making it the final decision of the Secretary.

Although the Appeals Council accepted additional evidence not presented to the ALJ, it made no evaluation of: (1) a report of Dr. Ira S. Ross dated June 4, 1974 which stated that Dr. Ross had treated the claimant from November 7, 1955, to March 2, 1956, for severe agitation and depression, and that Dr. Ross during this period had given claimant a total of thirteen electro-shock treatments; (2) a note concerning the claimant from Dr. Ross to Dr. J. Bruce Massey dated November 8, 1955 in which

Dr. Ross stated: "It is not entirely possible to differentiate at this time between an early catatonic excitement and an agitated depression. I am inclined to feel that the illness is an agitated depression and that she should respond well to electro-shock therapy. Treatment was started November 7, 1955."; and (3) a report by Dr. J. C. Carr dated June 18, 1959 which stated that Dr. Carr was "of the opinion" that the claimant "would become totally, permanently disabled."

After Gachette instituted the present action to obtain review of the final administrative decision, the district court referred the case to a United States Magistrate for review and recommendation, pursuant to 28 U.S.C. § 636(b). On April 20, 1976, the court issued an order adopting the magistrate's report and affirming the decision of the Secretary. This appeal followed.

■ The district court's role is to determine whether the Secretary's findings are supported by substantial evidence. 42 U.S.C. § 405. The magistrate's report here, adopted by the court below as the opinion of the court, cites Gachette's earning quarters performance and certain evidence of record relating to Gachette's physical condition both before and after December 31, 1964. But on the basis of the magistrate's report, we are unable to discern how the magistrate reconciled the ALJ's third finding, that "[t]here is no medical evidence bearing on the claimant's state of health at any time when she was still insured for Disability Insurance Benefits" (Admin.Rec. at 27), with the significant additional medical evidence presented to the Appeals Council which, if believed, would have qualified as substantial evidence of disability prior to December 31, 1964. Under these circumstances we think it appropriate to vacate the district court's judgment and remand the case for further findings in accordance with the foregoing.

■ We note also that the magistrate did not address claimant's argument that the

* Honorable Walter K. Stapleton, of the United States District Court for the District of Delaware, sitting by designation.

ALJ failed to meet his obligation to fully develop the record. In *Hess v. Secretary*, 497 F.2d 837 (3d Cir. 1974), this court suggested that, when a claimant is not represented by counsel, the hearing officer may have a duty to take a more active role in obtaining the information necessary for a determination on the question of disability. In appropriate cases, the ALJ should advise the claimant if vital data is missing or should order a physical examination by a Social Security Administration doctor. 497 F.2d at 841. On remand, then, counsel for Gachette should be permitted to make an offer of proof regarding what a more fully developed record might have shown, and the district court should rule upon this contention.

Each party shall bear his own costs.