**Clifford L. BROOKS, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 76–420.

United States District Court,
D. Delaware.

Nov. 8, 1977.

John C. Landis, and Jeffrey H. Kauffman, of Community Legal Aid Society, Inc., Wilmington, Del., Michael R. Schuster, Neighborhood Legal Services Program, Washington, D. C., for plaintiff.

John H. McDonald, Asst. U. S. Atty., Wilmington, Del., Stephanie W. Naidoff, and Marianne P. Flood, Dept. of Health, Ed. & Welfare, Philadelphia, Pa., for defendant.

## OPINION

STAPLETON, District Judge:

Plaintiff Clifford L. Brooks has brought this action to review the final determination of the Secretary of Health, Education and Welfare that he is not entitled to a period of disability insurance benefits under Section 223(a) of the Social Security Act, 42 U.S.C. § 423(a). Jurisdiction is conferred by Section 205(g) of the Act, 42 U.S.C. § 405(g). Now before the Court are cross-motions for summary judgment.

Plaintiff, a resident of Bear, Delaware, first applied for a period of disability and disability insurance benefits on January 16, 1975. He claimed that he had been disabled from September 2, 1974. An Administrative Law Judge ("ALJ") conducted a hearing on Brooks' claim on January 22, 1976 and rendered his decision denying benefits on June 2, 1976. The Appeals Council affirmed the decision on September 27, 1976. Thereafter, plaintiff sought review in this Court.

The test for "disability" is set out in Section 223(d)(1)(A) of the Social Security Act, 42 U.S.C. § 423(d)(1)(A). It requires that the individual seeking benefits be unable to engage in

. . . any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . .

Under the substantial evidence test, the role of this Court is to review the record compiled by the Social Security Administration and to determine whether, based on the record as a whole, there is "such relevant

evidence as a reasonable mind might accept as adequate to support [the Secretary's] conclusion . . ." *Celebrezze v. Bolas,* 316 F.2d 498, 501 (8th Cir. 1963). The Court is not permitted to conduct a trial *de novo* to reweigh the evidence presented in whatever manner it sees fit.

The record shows that the claimant, who was fifty-seven years old at the time of the disability hearing, has an eighth grade education. He has previously worked as a stevedore, a steel mill laborer, a shipyard welder, a tank manufacturing plant laborer, an oil burner maintenance man, a packer and shipper, a security guard, an oil still operator, and most recently a compressor operator in an oil refinery. He has not worked since September of 1974.

The ALJ considered medical reports on the claimant's condition submitted by the Crozer-Chester Medical Center, where the claimant was treated in 1972, Dr. Joseph DeMedio, the claimant's personal physician since 1970, Dr. James C. Lyons, the plant physician at the claimant's last place of employment, Dr. Victor M. Magalong, who examined the claimant in November of 1974 at the request of the state agency, and the Wilmington Medical Center, where claimant was treated in 1975. In addition, the ALJ considered the claimant's testimony concerning his impairments and his pain, and the fact that the claimant was receiving disability benefits from a private insurance company.

The Crozer-Chester Medical Center report showed the results of pulmonary function studies. It found that the claimant had a mild obstructive defect. This was confirmed by the Wilmington Medical Center report which stated that there was no serious obstructive disease. The Social Security Administration form completed by Dr. DeMedio requested information on the claimant's condition, together with copies of test results and laboratory studies. Dr. DeMedio sent no test or lab results, but merely stated that the claimant suffered from diabetes, emphysema and hypertension, and responded poorly to treatment. Dr. Lyons listed the reasons for time lost from work by the claimant in the years 1971 to 1975. He stated that the claimant was unable to work during any of 1975 due to emphysema and diabetes. Dr. Magalong's report included detailed laboratory test results, the results of a radiological chest study, of an electrocardiogram, and of a physical examination. His diagnosis was that the claimant suffered from uncontrolled diabetes mellitus without complications, chronic bronchitis and hypercholesterolemia, with no evidence of hypertension. His conclusion was that the claimant did not suffer from a disability.

Based upon this evidence, the ALJ concluded that the claimant's medically determinable impairments were diabetes mellitus, non-disabling bronchitis and hypercholesterolemia, and that the claimant was "unable to perform work activities which expose him to fumes", thus preventing him from returning to any of his former jobs other than packer and shipper, or security guard. However, the ALJ found that the claimant's impairments did not prevent him from returning to either of those two former occupations. Since it was found that the claimant was not prevented from engaging in "any substantial gainful activity", the ALJ concluded that he was not under a disability, as defined by the Social Security Act.

## I. THE LEGAL STANDARD.

In determining disability under Section 223 of the Act, as quoted above, the claimant has the initial burden of proving that due to his impairment he is unable to perform his former work. *Dupkunis v. Celebrezze,* 323 F.2d 380 (3rd Cir. 1963); *Lamont v. Finch,* 315 F.Supp. 59 (W.D.Pa. 1970). Once the claimant has established his inability to perform his former work, the burden of proof is shifted to the Secretary of Health, Education and Welfare to show that the claimant retains the capacity to perform other substantial gainful employment in the national economy. *Barats v. Weinberger,* 383 F.Supp. 276 (E.D.Pa. 1974); *Lamont v. Finch, supra.* In the instant case, the ALJ found that the plaintiff

did not meet his initial burden of proof, since it was not shown that he was unable to perform his former jobs as a packer and shipper or as a security guard. Therefore, he concluded that there was no need for the Secretary to present vocational evidence concerning other substantial gainful employment.

Plaintiff claims that the ALJ erred because the claimant is not legally required to prove that he is disabled from performing any of his former jobs, but that he need only prove that he is unable to perform his most recent employment, at which time the burden shifts to the Secretary. At least, plaintiff argues, "former work" does not include an assortment of former jobs, some held many years prior to the application for disability benefits.[1]

The narrow legal question presented by this case is how far a claimant must go in order to satisfy his burden. I find that that burden is not satisfied until the claimant has shown that he is unable to perform any of the occupations which he has performed in the past.[2] The cases, including those decided in this Circuit, support this conclusion.

In *Jarvis v. Ribicoff,* 312 F.2d 707 (6th Cir. 1963), the court found that in order to satisfy his burden, a claimant need not negate his capacity to perform any job in the national economy, but that he must establish a disability to be employed in work for which he has been trained or has had experience. In *Dupkunis, supra,* the court held that the claimant is obligated to prove that he is unable to do any of the work he has done previously. Although the claimant there had proven that he could not perform his former work as a coal miner, he did not show that he could not perform another job he had held with a steel company. Therefore, he did not meet his burden. In *Baker v. Gardner,* 362 F.2d 864, 868 (3rd Cir. 1966), the court stated:

A claimant is not required to go down a list of jobs and disprove his capacity for each of them or their availability to him as an actual opportunity for employment. . . . It is sufficient if a plaintiff offers evidence of an impairment, his work experience, his inability because of the impairment to do that work any longer . . .

Finally, in *Lamont v. Finch, supra,* at 62, the court defined the claimant's burden as follows:

The plaintiff met his initial burden of proof by demonstrating that he could no longer perform the work for which he has been trained or in which he has been experienced.

I agree with the conclusion of these cases that a claimant must show an inability to perform any work for which he has been trained or in which he has experience in order to meet his burden. Under the statute, a claimant has the burden of persuasion on the disability issue. The rule which shifts the burden of presenting evidence has been fashioned by the courts in recognition of the practical difficulties which would otherwise face a claimant attempting to prove the availability and requirements of the infinite variety of employment opportunities in the national economy. The practical effect of the rule is to place the burden of producing expert testimony on the Secretary. Expert testimony is not required, however, for the claimant to show the requirements of employment for which he has been trained or which he has performed and his inability to meet those requirements.

In short, although it would be unreasonable for the claimant to be required to show an inability to perform any work in the national economy, it is not unreasonable for him to have to show that he can no longer do the types of work in which he has training or experience. In this case, the ALJ found that the claimant had not shown that he was disabled from performing two of the

---

1. There is nothing in the record to indicate the dates during which the claimant was employed as a packer and shipper or security guard.

2. *But see Gambotto v. Secretary of Health, Education and Welfare,* CCH, UIR ¶ 14,885 (E.D.Mich.1976); *Wakim v. Weinberger,* CCH, UIR ¶ 14,539 (S.D.Ohio 1975).

jobs in which he had experience. The claimant, therefore, had not met his burden, and the burden never shifted to the Secretary.

■ Plaintiff also claims that the ALJ placed too much reliance upon Dr. Magalong's report, and not enough upon the reports of Drs. Lyons and DeMedio, particularly considering the relationship of each to himself. The law is clear, however, that when there is a conflict of evidence, resolution of that conflict is the duty of the Secretary. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Alvarado v. Weinberger,* 511 F.2d 1046 (1st Cir. 1975). As long as the resolution is supported by substantial evidence, this Court cannot reconsider it, even if another conclusion might have been drawn from the same evidence. *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1972).

## II. LACK OF REPRESENTATION.

Plaintiff also claims that this case should be remanded as a result of his lack of representation by counsel at the hearing. This argument has two parts. First, it is contended that the plaintiff was not fully informed of the right to counsel at the hearing. Second, it is argued that the plaintiff did not receive a fair hearing as a result of the absence of counsel.

■ A claimant who wishes to be represented by counsel at a social security hearing may have that representation. 42 U.S.C. § 406. It is the practice of the Social Security Administration to include in its Notice of Hearing sent to the claimant the information that the claimant may bring a representative if he or she chooses. In this case, that Notice stated:

3. The following conversation took place:

    Q All right, now, Mr. Brooks are you ready to proceed with your hearing.
    A I'm ready.
    Q Do you have an attorney?
    A No, sir.
    Q Are you ready to proceed without one?
    A What?
    Q Are you ready to proceed without one?

While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If you wish attorney representation and cannot afford it, your social security office will provide a list of offices where you may be able to obtain representation.

    .   .   .

The ALJ reminds the claimant of this right again at the opening of the disability hearing. I agree with the conclusion of the court in *Brittingham v. Weinberger,* 408 F.Supp. 606 (E.D.Pa.1976), that the ALJ should make sure the claimant is aware of the availability of possible sources of free legal services. *See also Cook v. Mathews,* Civil Action No. 75–264 (D.Del. March 3, 1977). The ALJ in this case did not do so.[3] I need not decide whether the written notice given to plaintiff was sufficient, however, since even if he received insufficient notice of his rights with respect to legal representation, I could order a remand on this ground only if there were clear showing that the lack of counsel caused prejudice or unfairness in the agency proceedings. *Domozik v. Cohen,* 413 F.2d 5 (3rd Cir. 1969); *Davis v. Richardson,* 460 F.2d 772 (3rd Cir. 1972). I have not been presented with such a showing in this case.

■ There has been no showing that the record at the plaintiff's hearing was not fully developed, or that there are serious information gaps in the record which could have been filled had counsel been present. *Cf. Gachette v. Weinberger,* 551 F.2d 39 (3rd Cir. 1977); *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837 (3rd Cir. 1974). The plaintiff's major complaint is that the ALJ did not request further documentation from Dr. Lyons and Dr. DeMedio.[4] However, the record clearly shows that reports from both doctors were

    A Yes, sir.
    Q All right.  .  .  .

4. Although the ALJ rejected Dr. Lyons' conclusion because it was "not properly substantiated by appropriate clinical, and/or laboratory tests", no showing has been made that such tests were available and would have been presented if the claimant had been represented by counsel.

in the record' and considered by the ALJ. In fact, the report from Dr. Lyons was not submitted by the plaintiff, but was requested by the ALJ after Dr. Lyons' name arose during the hearing.

Plaintiff's real claim is not that the ALJ had no access to the material information possessed by Drs. Lyons and DeMedio, but rather that he did not pay enough attention to their reports. That is a matter with which I have already dealt. When the complaint is not of gaps in the evidence, but the amount of deference accorded it, I am powerless to undertake a re-examination.

Plaintiff received a fair hearing at which the relevant facts were adequately developed. Therefore, I cannot find that there was prejudice to the plaintiff from lack of counsel at the hearing.