can not delay indefinitely prior to the filing of such suits.

 The Missouri statutory scheme differentiates between corporations voluntarily dissolved, and corporations which forfeit their charter due to fraud, criminal acts, or failure to comply with regulatory provisions. Suits against or on behalf of dissolved corporations must be commenced within two years of the dissolution. Section 351.565 R.S.Mo. (1969). Section 351.525 R.S.Mo. (1969), though, which deals with corporations whose charters are forfeited, sets no such time limitation on suits.

In *Lynch v. Vincent,* 55 F.Supp. 44 (W.D.Mo.1944), the court stated that in the absence of a statutory provision as to how long statutory trustees may continue to act for the dissolved corporation, a reasonable time after dissolution should be allowed. It is this Court's opinion that two and one-half years is more than a reasonable time. The statutory trustees are merely to wind up the corporation's affairs and effect the liquidation necessitated by the forfeiture. Their duties should be taken care of quickly and without unnecessary delay. Furthermore, there is no justification for allowing these trustees longer to effect the liquidation than trustees of a dissolved corporation. Therefore, these trustees lost the capacity to bring this suit by unnecessarily delaying.

The fact that a prior suit was instituted within the two year period by the corporation itself is irrelevant to this issue. The corporation, having forfeited its charter, lacked capacity to sue and only the statutory trustees could bring suit on behalf of the corporation. *Moore v. Matthews Book Store,* 597 F.2d 645 (8th Cir. 1979). The suit erroneously brought by the corporation does not extend the time in which the trustees, as the proper parties, have to bring suit; corporate survival statutes are not statutes of limitation, and are not tolled as are such statutes. *Canadian Ace Brewing Co. v. Anheuser-Busch, Inc.,* 448 F.Supp. 769 (N.D.Ill.1978).

Follett's motion to dismiss must also be granted on a more fundamental ground. Plaintiffs allege no more against Follett than that it is the parent corporation of FSLUB. Plaintiffs in no way allege that Follett was part of the alleged conspiracy. Follett may not be held liable merely because of its status as parent of one of the alleged conspirators. *Miles v. Coca-Cola Bottling Co.,* 360 F.Supp. 869 (E.D.Wis. 1973).

Therefore, the motions to dismiss of Follett and FSLUB will be granted.

**Mozelle M. CLARK, Plaintiff,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. C78–1134A.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 28, 1979.

Deborah S. Ebel, Atlanta Legal Aid Society, Philip A. Bradley, Atlanta, Ga., for plaintiff.

Curtis A. Anderson, Asst. U. S. Atty., Northern District of Georgia, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), of a denial of benefits under Title II of the Social Security Act, 42 U.S.C. § 416(i) and 423(d), and under Title XVI of the Social Security Act, 42 U.S.C. § 1381. The case is presently before the court on defendant's motion to alter or amend judgment in which the defendant Secretary of Health, Education and Welfare (HEW) urges the court to amend[1] its order of June 12, 1979. In the June 12 order the court reopened the judgment that it had entered against plaintiff Clark on March 14, 1979 and remanded to the magistrate. With its present motion defendant seeks to have the court reinstate the March 14 order.

The underlying legal issue raised by the defendant's motion is the extent to which the HEW administrative law judge must advise an indigent claimant of the availability of free counsel at a Social Security hearing.

Plaintiff Clark received by mail a written Notice of Hearing which informed her:

While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If you wish attorney representation and cannot afford it, your social security office will provide a list of offices where you may be able to obtain representation.

Any fee which your representative wishes to charge must be approved by the Bureau of Hearings and Appeals, and your representative must furnish you with a copy of the fee petition. When you receive your copy of the petition, you will have a period of 20 days to comment, if you wish, regarding the requested fee. (T–15)

At her hearing she was again advised of her right to counsel in the following manner:

ALJ: In the notice that we sent, we advised that you have a right to have an attorney, and it's my obligation to see that you're treated fairly and that your record is complete, so since you're here without an attorney, I presume you want me to go ahead without one. Is that right?

CLMT: I don't have any money to get one. (T–19–20)

In the June 12 order this Court announced its adherence to the rule of *Brooks v. Califano,* 440 F.Supp. 1341, 1345 (D.Del. 1977) and *Brittingham v. Weinberger,* 408 F.Supp. 606, 610 n.1 (E.D.Pa.1976); the Court "required the ALJ to inform an indigent claimant of the availability of free legal services." *Clark v. Califano,* (78–1134A, N.D.Ga., June 12, 1979) at 1. As "[t]he record clearly establishes that the ALJ did not so inform the plaintiff of such a right" the court remanded the case to the magistrate for a finding as to whether the plaintiff Clark is indeed indigent. *Id.* at 2.

The dispute as to a claimant's right to be notified of the availability of free legal services must be resolved in light of 42 U.S.C. § 406, which has been construed to guarantee Social Security claimants the right to be represented at Social Security hearings. *Jeralds v. Richardson,* 445 F.2d 36 (7th Cir. 1971); *Granger v. Finch,* 425 F.2d 206 (7th Cir. 1970). The defendant's regulations also appear to provide for the right of a party to be represented at a

---

1. Plaintiff argues that this motion, so styled, is improperly before the Court, because there is no judgment to attack. Clearly, however, the Court may entertain a motion designed to seek correction of a previously entered order.

hearing.[2] Every other court which has thus far dealt with the issue has either ordered or suggested that administrative law judges advise indigent Social Security claimants of the availability of free counsel. *Brooks v. Califano*, 440 F.Supp. 1341 (D.Del.1977) (suggested); *Wells v. Califano*, Unemp.Ins. Rep. (CCH) ¶ 15,373 (W.D.Va.1977) (ordered); *Schetrompf v. Califano*, Unemp.Ins. Rep. (CCH) ¶ 15,181 (D.Utah 1977) (ordered); *Cook v. Mathews*, Unemp.Ins.Rep. (CCH) ¶ 15,217 (D.Del.1977) (suggested); *Brittingham v. Weinberger*, 408 F.Supp. 606 (E.D.Pa.1976) (suggested); *Saldana v. Weinberger*, 421 F.Supp. 1127 (E.D.Pa.1976) (suggested); *Rosa v. Weinberger*, 381 F.Supp. 377 (E.D.N.Y.1979) (ordered).

None of those cases explain why a claimant should receive dual notices of her right to be represented. The argument for requiring dual notice would have to be that claimants often cannot understand the written notice. The fact that the claimants understand it well enough to show up at the right place at the right time belies that contention. Moreover the Fifth Circuit clearly adheres to the requirement that a claimant show actual prejudice to obtain a remand. *Herridge v. Richardson*, 464 F.2d 198 (5th Cir. 1972); *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971) (*per curiam*); *Cross v. Finch*, 427 F.2d 406 (5th Cir. 1970). No such showing has been made here. Accordingly, the Court cannot agree that claimants are entitled to notice *at the hearing* of the possibility of obtaining free counsel from a semi-public organization.

The defendant's motion is GRANTED for the reasons stated.

SO ORDERED, this 28 day of September, 1979.

---

**2.** 20 CFR § 404.934(a) provides that "Any party to a hearing shall have the right to appear before the presiding officer, personally or by representative . . . ."