**Kathleen M. TURBY, Appellant,**

v.

**Joanne B. BARNHART, Commissioner of Social Security \*(Pursuant to F.R.A.P. 43(c)).**

**No. 02–2258.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) on Dec. 16, 2002.

Decided Dec. 23, 2002.

Before SLOVITER, RENDELL and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Kathleen Turby appeals from an order entered in the District Court on March 12, 2002, affirming the Social Security Administration's denial of her claim for disability benefits. Turby alleges that the Administrative Law Judge (ALJ) committed a wide variety of errors, and that his find-

ings were not supported by substantial evidence. We will affirm.

Kathleen Turby suffers from depression as well as a number of serious ailments involving her legs and back. In 1996, Turby filed an application for Social Security disability benefits for the period October 6, 1993, to June 30, 1995. Her claim was denied, as was reconsideration, and Turby requested a hearing. Before the ALJ, Turby testified regarding her mental and physical impairments, and a vocational expert testified regarding the types of positions an individual with limitations like Turby's might hold.

The ALJ concluded that Turby was ineligible for benefits. He agreed that the medical evidence showed that Turby suffered from mental and physical impairments, but found her subjective testimony not "fully credible," and concluded that she remained capable of performing a limited range of sedentary work, positions including information operator, security monitor, and assembler.

Turby appealed. The matter was referred to a magistrate judge, who issued a report recommending that the ALJ's decision be affirmed. The District Court adopted the report and recommendation, and Turby timely filed this appeal. The District Court had jurisdiction under 42 U.S.C. § 405(g), and we exercise jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

Although our review of the District Court's order is plenary, we are not permitted to weigh the evidence or substitute our conclusions for those of the ALJ. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir.1992); *see also Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir.2001). We may reverse only if the ALJ's findings were not supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Fargnoli*, 247 F.3d at 38; *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It is "less than a preponderance of the evidence but more than a mere scintilla." *Fargnoli*, 273 F.3d at 38.

Turby raises the following six issues: (1) whether the ALJ properly considered Turby's physical limitations; (2) whether the ALJ properly considered Turby's subjective testimony of pain and exertional limitations; (3) whether the hypothetical posed to the vocational expert adequately portrayed Turby's limitations; (4) whether the ALJ adequately developed the record; (5) whether the ALJ properly considered Turby's ailments as a whole; and (6) whether the ALJ properly considered her approval for state disability benefits and the statements by her physicians that she was disabled for purposes of those benefits. We will consider each of these arguments in turn.

■ First, Turby argues that the ALJ failed to appropriately consider the opinions of her treating physicians, and thus that the ALJ's conclusions about Turby's physical limitations were not supported by substantial evidence. The ALJ's decision, however, makes clear that he gave extensive consideration to the opinions of Turby's physicians and relied heavily upon those opinions in making his ultimate determination. Moreover, the record is replete with medical evidence supporting the ALJ's finding that Turby had the physical and mental residual function to perform a limited range of sedentary jobs during the relevant time period, including statements by her physicians.

None of Turby's more specific complaints about the ALJ's treatment of her physical limitations have merit. She first asserts that the ALJ misconstrued an Au-

gust 1994 opinion by Turby's physician Dr. Goldman. In that opinion, Goldman noted that Turby was progressing and had been working in a limited capacity as a vacuum cleaner salesperson, but also recognized that she continued to be incapable of performing her previous position as a librarian, and concluded that she was disabled for state purposes on that basis. Goldman's conclusions are wholly consistent with the ALJ's, who found that Turby was neither capable of returning to her previous position nor capable of performing a position with a similar level of physical exertion. Turby then states that the ALJ failed to recognize the significance of her medical history, but there is absolutely no support for that claim in the record. The ALJ's decision recounted Turby's medical history in detail, and nothing in that history is at all inconsistent with the ALJ's findings. Finally, Turby asserts that the ALJ rejected a report by Turby's physician, Dr. Balog, suggesting that Turby had begun to suffer from lumbosacral radiculitis (inflamation of the nerve root) after lifting a television set in September of 1993. Again, there is no indication that the ALJ "rejected" the report; the ALJ noted Balog's diagnosis and later prescription for pain medication, as well as his suggestion that Turby return to work without restrictions within a few days. In short, the ALJ's decision with regard to her physical limitations was supported by substantial evidence.

Second, Turby argues that the ALJ improperly discounted her subjective testimony. We have made clear that subjective complaints must be given "serious consideration." *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir.1993); *Green v. Schweiker,* 749 F.2d 1066, 1068 (3d Cir. 1984). Accordingly, where the ALJ does not fully accept the claimant's subjective testimony, the ALJ is obligated to explain why. *Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 120 (3d Cir.2000).

▇ We examine the ALJ's findings "with the deference required of the substantial evidence standard of review," *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir.2002), and conclude that the ALJ adequately considered Turby's subjective testimony. The ALJ's decision discussed Turby's complaints at length, and concluded that the medical evidence generally supported her claim of pain and exertional limitations. With regard to the disabling nature of her pain, however, the ALJ found her testimony only "fairly credible," and unsupported by the medical evidence except "to the extent that she is limited to a residual functional capacity no higher than less than the full range of sedentary work." This conclusion has support in the medical record, as Turby's physicians suggested at various times that she was capable of performing sedentary or other light work. The ALJ also properly identified a variety of facts about Turby suggesting that her pain would not preclude her from working within the narrow class of positions identified.[1] *Burns,* 312 F.3d at 130–

---

1. Among other factors, the ALJ noted that: Turby was able to walk an acre at a time; for at least part of the relevant time period she was employed (though not gainfully) in a limited capacity as a vacuum cleaner salesperson; she suffered from no significant motor, strength, or neurological defects; she occasionally drove, including a vehicle with a manual transmission; and she cared for her own personal needs and performed many of life's normal daily activities including washing dishes, grocery shopping, watching television, reading, doing crafts, visiting friends and family on occasion, and feeding her pets. Turby's reliance on *Smith v. Califano,* 637 F.2d 968 (3d Cir.1981) is unavailing. Although certainly "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity," *id.* at 971, it is nonetheless appro-

31. Moreover, Turby crucially fails to identify any relevant medical opinion in support of her claim that her pain and exertional limitations were more severe than the ALJ found them to be. *Id.; Hartranft v. Apfel,* 181 F.3d 358, 362 (3d Cir.1999). Thus, we cannot conclude that the ALJ gave inadequate consideration to Turby's subjective complaints. *See Simmonds v. Heckler,* 807 F.2d 54, 58 (3d Cir.1986).

Third, Turby argues that the hypothetical questions considered by the vocational expert were inadequate. We agree with Turby that the "hypothetical posed to [the] vocational expert 'must reflect all of the claimant's impairments.'" *Burns,* 312 F.3d at 125–26 (quoting *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987)). As we have recently noted, "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." *Burns,* 312 F.3d at 125–26.

█ Turby argues that two relevant facts were not included in the vocational expert's hypothetical: (1) her frequent need to lie down to take pressure off her spine, and (2) her need to elevate her left leg as recommended by one of her physicians in June of 1992. With regard to her need to lie down, we reiterate that her subjective claims of disabling pain and exertional limitation were properly examined and partially rejected by the ALJ. There appears to be no medical evidence supporting her need to lie down in the relevant time period, and a later opinion suggesting that lying down might be beneficial also recommends that Turby begin her "back to work activities." With regard to leg elevation, we note that Turby cites a single

note made a full year before the relevant period, and that subsequent medical evidence suggested that she should be able to perform some work without restrictions. Moreover, the medical opinion noted above indicating that lying down might be beneficial also notably recommended that she discontinue elevation. At any rate, there is no indication that these isolated facts were necessary to the vocational inquiry; they are not "specific impairments" for which there is "medically undisputed evidence." *See Burns,* 312 F.3d at 125–26. Relevantly, the hypothetical included: references to Turby's physical conditions involving her leg and back, very significant limitations on movement and physical exertion, and frequent alternation between sitting and standing. Under these circumstances, the hypothetical "accurately portray[ed]" Turby's physical and mental impairments, *Podedworny v. Harris,* 745 F.2d 210, 218 (3d Cir.1984), and was therefore properly relied upon by the ALJ.

Fourth, Turby argues that the ALJ failed to develop the record with sufficient precision. We have frequently noted that ALJ's are under "a duty to develop a full and fair record in social security cases." *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir.1995). We note, however, that this duty is most acute where the claimant is unrepresented, *see Livingston v. Califano,* 614 F.2d 342, 345 (3d Cir.1980), and that here Turby was in fact represented by counsel. Accordingly, Turby's counsel was responsible for ensuring that the ALJ was aware of any facts favorable to Turby's claim for benefits. *See* 20 C.F.R. § 404.1740(b)(1) (stating that counsel is "obligat[ed] to assist the claimant in bringing to [the Administration's] attention everything that shows that the claimant is

priate for the ALJ to consider "the number and type of activities" in which the claimant

engages. *Burns,* 312 F.3d at 130–31.

disabled"). Regardless, Turby fails to identify a single material issue into which the ALJ failed to inquire. *Cf. Gachette v. Weinberger*, 551 F.2d 39, 41 (3d Cir.1977) (noting for a similar claim that on remand the district court should consider counsel's "offer of proof regarding what a more fully developed record might have shown"). The only evidence cited by Turby is both already present in the record and fully consistent with the ALJ's conclusions.

Fifth, Turby asserts that the ALJ did not properly consider the combination of Turby's ailments, as required by *Burnam v. Schweiker*, 682 F.2d 456 (3d Cir.1982). There is absolutely no merit to this claim. The ALJ's report explicitly discussed and considered Turby's wide range of mental and physical limitations, and the hypothetical posed to the vocational expert explicitly included the full range of impairments.

Finally, Turby argues that the ALJ did not give proper weight to Pennsylvania's decision to award her disability benefits. Turby received temporary disability benefits from the state from 1993 until 1997, when her benefits became permanent. Similarly, she argues that the ALJ did not properly consider the opinions of her physicians stating that they considered her disabled for purposes of receiving state benefits. Her arguments are unavailing.

The physicians' statements were in reference to her previous employment in a library, which required the extensive climbing of stairs, lifting and carrying of books, and other significant physical exertions. Her inability to perform such tasks, however, was explicitly found by the ALJ and considered in the vocational expert's hypothetical. Moreover, it is worth noting again that the same medical opinions indicated that Turby could in fact perform sedentary or other light work. Thus, contrary to Turby's assertions, the ALJ did rely on the statements to the extent they were relevant.

Turby's argument with regard to the state's determination of eligibility for disability benefits fails for similar reasons. State agency determinations of disability are not binding on the Social Security Administration because the inquiries for eligibility are distinct. 20 C.F.R. § 404.1504. Nonetheless, the ALJ here accorded "significant weight" to Pennsylvania's determination that Turby was eligible for benefits. Like the related statements by Turby's physicians, however, the state determination was only relevant as to the types of positions Turby may have been able to work, and was therefore thoroughly consistent with the ALJ's ultimate conclusion.

Accordingly, the District Court's order will be AFFIRMED.