Joe R. CARNEY, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Appellee.

No. 78–1790.

United States Court of Appeals, Eighth Circuit.

Submitted May 7, 1979.

Decided May 14, 1979.

Douglas M. Hamilton, Joplin, Mo., on brief, for appellant.

Barbara Allen Babcock, Asst. Atty. Gen., Ronald S. Reed, Jr., U. S. Atty., and E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo. and Andrew E. Wakshul, Atty., Dept. of HEW, Baltimore, Md., on brief, for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Plaintiff filed a complaint pursuant to 42 U.S.C.A. § 405(g)[1] to obtain judicial review of a decision of the Secretary of Health, Education and Welfare, who after a hearing decided no new material facts were presented that would justify reopening the determination denying plaintiff's claim for disability benefits. The district court[2] held, citing *Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), that when, as in the instant case, no constitutional issues are raised, the federal courts lack jurisdiction to review a final decision of the Secretary not to reopen a claim for benefits under both the Administrative Procedures Act and Section 405(g) of the Social Security Act. The district court thus concluded it had no jurisdiction to reopen plaintiff's claim for benefits, and it granted defendant's motion to dismiss.

The single contention of claimant on appeal is that in the instant case, unlike the situation in *Sanders*, the decision not to reopen the case was made after a hearing[3] so that the section 405(g) requirements of a hearing and a final decision were met and the district court did have jurisdiction.

Claimant's reliance on *Sanders* is misplaced. The Supreme Court in *Sanders* cit-

---

1. Section 405(g) provides, in pertinent part:

   (g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

2. The Honorable Russell G. Clark, Judge, United States District Court for the Western District of Missouri.

3. The undisputed procedural history, as detailed by the district court in its dismissal order, shows:

   1. On December 8, 1970 plaintiff filed an application for disability insurance benefits which was denied by letter dated May 17, 1971. The notice informed plaintiff that he might request a reconsideration within six months of the notice. Plaintiff took no further action.
   2. On November 26, 1974 plaintiff filed an application for disability insurance benefits which was denied initially on April 2, 1975.
   3. This decision was reaffirmed on reconsideration and plaintiff was notified of his right to a hearing.
   4. Plaintiff on September 23, 1975, filed a request for a hearing.
   5. Plaintiff's request for a hearing was denied on January 28, 1976 on the grounds of res judicata.
   6. Plaintiff appealed this decision to the appeals counsel [sic] who granted plaintiff's request for review and remanded to the Administrative Law Judge for a determination of whether new and material evidence had been submitted that would warrant reopening the case.
   7. On November 5, 1976 after a hearing was held to give plaintiff the opportunity to present new and material evidence which would justify reopening the case in accordance with 20 Code of Federal Regulations 404.957 and 404.958, the Administrative Law Judge again determined that the request for a hearing on the issue of disability benefits must be denied because there were no material facts that would justify reopening the case. Therefore, plaintiff's claim was dismissed pursuant to 20 C.F.R. § 404.937(a).
   8. Plaintiff again sought relief from the appeals counsel [sic]. On August 3, 1977 the appeals counsel [sic] informed plaintiff that they had concluded that the dismissal of the action was correct. Plaintiff then instituted this action on September 30, 1977.

ed with approval several United States Courts of Appeals' opinions denying jurisdiction to consider refusals to reopen benefit cases and the Court held section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *Califano v. Sanders, supra,* 430 U.S. at 107–08, 97 S.Ct. at 985.

The Court noted the request to reopen may be denied without a hearing and that the policy choice in denying federal courts jurisdiction had been made to forestall repetitive or belated litigation of stale eligibility claims. *Id.* at 108, 97 S.Ct. 980.

The claim presented here, that holding a hearing to decide whether or not to reopen a case satisfies the hearing requirement of section 405(g), was not specifically addressed in *Sanders.* It was, however, considered and rejected in *Cappadora v. Celebrezze,* 356 F.2d 1, 4–5 (2d Cir. 1966), one of the cases cited with approval by the Supreme Court in *Sanders. See Califano v. Sanders, supra,* 430 U.S. at 107 n.8, 97 S.Ct. 980.[4]

In *Filice v. Celebrezze,* 319 F.2d 443, 445–46 (9th Cir. 1963), the court held that Congress authorized judicial review only of orders of the Secretary "which make findings of fact and decisions as to rights of applicants for payment, or which affirm, modify or reverse such orders, and not orders which merely deny petitions to reopen proceedings in which such findings and decisions have been made." *Id.* at 445–46. *See also Stuckey v. Weinberger,* 488 F.2d 904, 909–911 (9th Cir. 1973).

As in *Sheehan v. Secretary, HEW,* 593 F.2d 323 (8th Cir. 1979), here we are constrained to hold the district court lacked jurisdiction to review the decision of the Secretary. The dismissal order of the district court is affirmed.

---

4. In *Cappadora* the court explained:

> On a strictly literal reading, § 405(g) could be interpreted as applying to any final decision of the Secretary that was handed down after a hearing, albeit a hearing not required by the statute. * * * [T]he reasonable reading of § 405(g) is that it was intended to apply to a final decision rendered after a hearing thus made mandatory, not to a decision which could lawfully have been made without any hearing at all and in that event plainly would not have come under the terms of the section. No sufficient reason appears why the Congress that adopted the Social Security Act would have wished § 405(g) to apply when the agency gave an applicant the benefit of a hearing and an administrative appeal not required by the statute, but not when it had done less to assure a fair disposition; the only possible basis that occurs to us, the presence of a record in the former case, does not seem enough. Indeed, the broader reading could operate adversely to claimants generally since if a nonmandatory hearing would entail judicial review not otherwise available, this might deter the agency from giving a procedural benefit which the statute does not demand.

*Cappadora v. Celebrezze,* 356 F.2d 1, 4–5 (2d Cir. 1966).