Virginia M. ANDREWS for Jack B. Andrews, Deceased, Appellant,

v.

Patricia HARRIS, Secretary of Health, Education & Welfare, Appellee.

No. 80–1282.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1980.

Decided Dec. 15, 1980.

---

Robert J. Blackwell, Flat River, Mo., for appellant–plaintiff.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Virginia M. Andrews appeals the dismissal of her application to reopen the Social Security Administration's denial of benefits to her deceased husband. Appellant claims the Social Security Administration has erred in refusing to reopen the claim and the district court[1] has erred in affirming the agency because there is substantial evi-

dence to support the claim and because there is new material evidence which should have barred application of *res judicata.*

On August 18, 1976, Jack B. Andrews filed his first application to establish a period of disability and to obtain insurance benefits from the Social Security Administration of the Department of Health, Education and Welfare. The claim was denied initially on November 5, 1976.[2] On December 10, 1976, the claim was again denied upon reconsideration. No appeal was sought from this second denial.

On February 7, 1978, a second application was completed and it was filed on February 10, 1978, on behalf of Jack B. Andrews. The Social Security Administration issued a denial of reconsideration of the claim on July 21, 1978. A request for hearing was filed subsequently and after the taking of limited testimony from appellant Virginia M. Andrews, the administrative law judge of the Social Security Administration dismissed her request on the grounds that the second claim involved no new material facts and was therefore barred by *res judicata.* As in the first petition, December 31, 1972, was the last time appellant met the special earnings requirement. On June 28, 1979, appellant filed a Petition for Review pursuant to 42 U.S.C. § 405(g) in the United States District Court for the Eastern District of Missouri. Based upon the review and recommendation of the United States magistrate, Judge Meredith dismissed the case on the Secretary's motion. It is from this dismissal appellant appeals.

On appeal appellant raises two bases for reversal. First, appellant argues that the denial of disability benefits is clearly erroneous and not supported by substantial and competent evidence. Second, appellant

---

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

2. The claimant allegedly suffered from alcoholism, mental depression, nerves, emphysema, shortness of breath, degenerative arthritis, cancer, nervous problems, anxiety, agitated depression with some delusions, chronic active cirrhosis, psychotic–depressive reaction, and possible Wernicke Korsakoff psychosis.

claims that the application of *res judicata* was improper because there is additional evidence that has not been considered in earlier considerations of the case.

We note at the outset that the Social Security Act should be broadly construed in light of its remedial and beneficient purpose. *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975). However, judicial review of the agency's action pursuant to 42 U.S.C. § 405(g) is restricted. It may only be obtained after a final decision has been rendered. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1977). In this case, appellant failed to exhaust the administrative remedies by appealing the initial claim to the appeals council pursuant to 20 C.F.R. § 404.940. In response to her attempt to reopen the initial denial of benefits, the Social Security Administration held that the initial ruling which was not appealed was a bar to this second attempt for recovery. Therefore, we are not faced with a review of the actual denial of benefits, but of the Secretary's application of *res judicata* to effect dismissal of an attempt to reopen the case.

Congress has authorized judicial review of only those orders of the Secretary:

> which make findings of fact and decisions as to rights of applicants for payment, or which affirm, modify or reverse such orders, and not orders which merely deny petitions to reopen proceedings in which such findings and decisions have been made.

*Carney v. Califano*, 598 F.2d 472, 474 (8th Cir. 1979) (quoting *Filice v. Celebrezze*, 319 F.2d 443, 445–46 (9th Cir. 1963)).

We therefore hold the district court was correct in deciding it lacked jurisdiction to review the Secretary's decision. *Califano v. Sanders, supra*, 430 U.S. at 107–09, 97 S.Ct. at 985–986;[3] *Carney v. Califano, supra*, 598 F.2d at 473–74; *Sheehan v. Secretary of HEW*, 593 F.2d 323, 325–27 (8th Cir. 1979).

---

**3.** We note that no constitutional issues were raised by appellant. *See Califano v. Sanders,*

For these reasons we also hold that we lack jurisdiction to determine whether the findings are supported by substantial evidence.

Affirmed.

430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).