**Jo Ann ELLIS, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 81–1310

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1981.

Rehearing and Rehearing En Banc Denied Jan. 13, 1982.

Robert E. Barfield, Amarillo, Tex., for plaintiff-appellant.

Clinton E. Averitte, Asst. U. S. Atty., Lubbock, Tex., for defendant-appellee.

Before CHARLES CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Denied disability and disability insurance benefits under the Social Security Act in 1976, Jo Ann Ellis did not appeal. In 1979, she filed a second application for the same benefits for the same period, alleging the same disability arising on the same date. After this application was denied, Ms. Ellis requested a hearing. The Administrative Law Judge again found her not to have been disabled. On review, the Appeals Council reopened the decision of the ALS and dismissed the request for a hearing on the basis of res judicata.

The Supreme Court held in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192, that neither § 10 of the Administrative Procedures Act, 5 U.S.C. §§ 701–706, nor § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), grants the district courts jurisdiction to review a decision of the Secretary of Health, Education and Welfare not to reopen a previously adjudicated claim for Social Security benefits. The petition for benefits was not explicitly a petition to reopen the prior hearing but it was in effect exactly such a request. As the Court said in *Sanders*,

> We also agree that section 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.

430 U.S. at 109, 97 S.Ct. at 986, 51 L.Ed.2d at 195.

We have ourselves applied this rule in a case in which the Secretary denied benefits on grounds of res judicata and simultaneously refused to reopen an earlier claim. *Hensley v. Califano*, 601 F.2d 216 (5th Cir.

1979). That decision is the law of the circuit, and we would be obliged to adhere to it, even were we not convinced, as indeed we are, that *Sanders* is dispositive. *Williams v. Blazer Financial Services*, 598 F.2d 1371 (5th Cir. 1979); *Cargill Inc. v. Offshore Logistics, Inc.*, 615 F.2d 212 (5th Cir. 1980).

Accordingly, the decision is AFFIRMED.