**Edward A. STAUFFER, Appellant,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare of the United States.**

No. 82-5368.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 18, 1982.

Decided Nov. 30, 1982.

1. Section 405(g) provides, in relevant part, that [a]ny individual, after any final decision of the

E. David Harr, Greensburg, Pa., for appellant.

David R. Culp, Acting Regional Atty., David L. Hyman, Asst. Regional Atty., Region III, Dept. of Health and Human Services, Philadelphia, Pa., J. Alan Johnson, U.S. Atty., Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Before ALDISERT, SLOVITER and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This appeal by an unsuccessful claimant for disability benefits requires us to determine if the district court properly dismissed his petition in which he sought review of the Secretary of Health, Education and Welfare's decision not to reopen appellant's claim. The United States magistrate, to whom the case was referred, determined that, under 42 U.S.C. § 405(g),[1] the district court was without jurisdiction to review the Secretary's decision because the Secretary had properly concluded that reopening was barred by *res judicata.* We agree and affirm the judgment of the district court which adopted the magistrate's report.

Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Appellant Edward A. Stauffer filed his initial application for disability benefits on July 8, 1976. After his application was denied, he exhausted administrative remedies and then appealed the denial to the district court. The district court upheld the denial, and by judgment order we affirmed. *Stauffer v. Califano,* 612 F.2d 575 (3d Cir. 1979) (mem.).

Requesting a hearing before an administrative law judge, on January 3, 1980, Stauffer filed the instant disability claim. He stated that he would submit new evidence, not available at the time of his earlier claim. The ALJ determined that the proffered evidence was irrelevant, however, because it consisted of a recently performed physical examination which failed to establish that Stauffer's present disabled condition began before the date on which his insured status expired. Applying *res judicata,* he dismissed the claim, and the Department's Appeals Council affirmed. Stauffer again appealed to the district court, but adopting the report of the magistrate to whom the case had been referred, the court concluded that under *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), it was without jurisdiction to review a decision by the Secretary not to reopen a previously adjudicated claim. On appeal to this court Stauffer argues that the Secretary's failure to afford him a hearing was a violation of due process, and thus the district court did have jurisdiction.

We find no error in the district court proceedings. In *Sanders,* the Supreme Court declared that § 405(g)

clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b) (1970 ed., Supp. V) .... Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act.

Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice. 430 U.S. at 108, 97 S.Ct. at 986. Similarly, the courts of appeals of several circuits have held that dismissals of "new" claims that effectively repeat previously denied claims and which are therefore held by the Secretary to be *res judicata* are not reviewable. *Davis v. Schweiker,* 665 F.2d 934 (9th Cir.1982); *Ellis v. Schweiker,* 662 F.2d 419 (5th Cir.1981); *Bagby v. Harris,* 650 F.2d 836 (6th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 647, 70 L.Ed.2d 623 (1981); *Andrews v. Harris,* 635 F.2d 1362 (8th Cir.1980) (per curiam); *Rios v. Secretary of Health, Education and Welfare,* 614 F.2d 25 (1st Cir.1980). We agree that *Sanders* and § 405(g) require this conclusion.

The magistrate reviewing the claim examined the allegations and determined that, inasmuch as Stauffer conceded that the same claim was involved in his second filing, *res judicata* was properly applied. Then, turning to Stauffer's contention that refusal to reopen his claim was a denial of due process, she considered the applicability of an exception enunciated in *Sanders* for constitutional questions unsuited to resolution in administrative hearings. *See* 430 U.S. at 109, 97 S.Ct. at 986. As explained in subsequent appeals court decisions, however, the constitutional questions contemplated by *Sanders* deal with incompetency and lack of counsel. *See, e.g., Parker v. Califano,* 644 F.2d 1199, 1202–03 (6th Cir. 1981); *Shrader v. Harris,* 631 F.2d 297, 299–300 (4th Cir.1980). Accordingly, the magistrate concluded that Stauffer's due process contention was insufficient to create district court jurisdiction.

Relying on *McGowen v. Harris,* 666 F.2d 60 (4th Cir.1981), Stauffer argues that his claim that he was denied due process falls within the *Sanders* exception. Although the *McGowen* court provided a detailed explanation of the kinds of orders that it considered reviewable even after *Sanders,* it did not address Stauffer's contention. Stauffer argues that the failure to afford him a second hearing was a denial of due process and that the district court therefore had jurisdiction to review the agency action even though the magistrate had found *res judicata* to be properly applied. Our review of the magistrate's report shows that examination of Stauffer's due process claim was a necessary component of her ultimate conclusion that the application of *res judicata* was not an abuse of discretion. Stauffer received a full and fair hearing on his initial claim and, because his second claim effectively restated the first, it was not a due process violation to deny a second hearing.

Stauffer argues also that, by ordering him to take a physical examination, the Secretary effectively reopened his claim, thereby giving the district court jurisdiction. However, we have said that

> [w]hen a claimant is not represented by counsel, the hearing officer may have a duty to take a more active role in obtaining the information necessary for a determination on the question of disability. In appropriate cases, the ALJ should advise the claimant if vital data is missing or should order a physical examination by a Social Security Administration doctor.

*Gachette v. Weinberger,* 551 F.2d 39, 41 (3d Cir.1977) (per curiam). In *Diabo v. Secretary of Health, Education and Welfare,* 627 F.2d 278, 281–82 (D.C.Cir.1980), the court held that

> [t]he administrative law judge has the power and duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability.... This duty to probe and explore scrupulously all the relevant facts is particularly strict when the claimant, as here, is not represented by an attorney.

It is clear that the ALJ here was performing precisely this duty. Stauffer's brief indicates that he was unrepresented by counsel until after he had requested a hearing before the ALJ. It would appear that by requesting Stauffer to be physically examined, the Secretary did not reopen the claim, but merely insured that the request for a reopening of the claim would be fairly evaluated.

Accordingly, the judgment of the district court will be affirmed.