758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD MCKINNEY, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5314
 United States Court of Appeals, Sixth Circuit.
 2/21/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: KEITH, KENNEDY and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Donald McKinney appeals the district court's partial grant of summary judgment, holding that McKinney was not entitled to disability insurance benefits pursuant to 42 U.S.C. Sec. 423. McKinney contends that the Secretary's decision was not supported by substantial evidence, that the Secretary erred in requiring McKinney to substantiate the extent of his pain with objective evidence, and that the Secretary erroneously applied the regulations. McKinney also contends that the Secretary erred in holding that a decision of no disability on an earlier application by McKinney was res judicata on that issue of disability. For the reasons that follow, we remand the case to the Secretary for proceedings consistent with this opinion.
 
 
 2
 On June 26, 1980, Donald McKinney filed an application for supplemental security income and disability insurance benefits. This application was denied on December 12, 1980 when McKinney failed to appear at a hearing. On April 15, 1981, McKinney again filed for benefits claiming that he was disabled due to a back problem and severe pain. McKinney's application for benefits was denied on June 2, 1981. On November 25, 1981, McKinney requested a hearing at which the following evidence was presented.
 
 
 3
 McKinney testified that at the time of the hearing he was 32 years old, 5'5"' and 140 pounds. Claimant has an eighth grade education and a GED he received while in the U.S. Army. Claimant was previously employed at Goodyear Tire and Rubber where he was required to lift up to 40 pounds, as a welder where he lifted 20-30 pounds, and as a meat wrapper. Claimant injured his back lifting tires at Goodyear on July 2, 1974 but was able to continue work until sometime in 1976. Claimant testified that he suffers from constant unbearable pain in his lower back and neck. Claimant walks with a cane and has difficulty concentrating. Claimant asserts that he lays down frequently to alleviate the pain and that the pain has gotten worse over time. Claimant's brothers, Terry and Johnny McKinney, confirmed that claimant uses a cane and appears to be in pain.
 
 
 4
 Chiropractor W. L. Garnett took x-rays and diagnosed plaintiff's condition as subluxation of the lower lumbar spine causing mechanical irritation to nerve roots in that area. Andrew Miller, M.D., found that the objective findings regarding claimant's condition were minimal and that claimant could probably do light work.
 
 
 5
 A physical capacities evaluation indicated that McKinney could lift 25 pounds frequently and 50 pounds occasionally and could work six of eight hours. Records of the Campbell Clinic, Inc. indicate that claimant was diagnosed as having possible lumbar disc syndrome but x-rays disclosed no significant abnormality. The clinic found permanent partial impairment of the body of five percent.
 
 
 6
 Doctors D. Archie and I. K. Ettman found sclerosis of the SI joints suggestive of a systemic process and concluded that there was no graphic evidence of ankylosing spondylitis. However, Martin H. Powell, Jr., M.D., diagnosed claimant as having ankylosing spondylitis and indicates that in June 1975, claimant underwent a partial hemi-laminectomy at L-4, L-5 and a foraminectomy of the right S-1 root. Consultant Kenneth Phillips, M.D. concluded that claimant's 'subj ctive complaints are out of proportion to objective, x-ray and lab findings,' and that the objective findings did not require a wheelchair or other ambulatory aids. Although climbing and bending were contraindicated, it was concluded that claimant could stand and walk two to four hours per day and could sit and work for six of eight hours.
 
 
 7
 Frank Kodman, Jr., Ph.D., concluded that while claimant is intellectually in the high average range, claimant was severely disabled and not capable of employment. 'Personality assessment shows a schizoid type personality suggestive of depressive episodes, periods of anti-social, anti-authority feelings, moody, self-defensive and changeable.'
 
 
 8
 On April 29, 1982, the administrative law judge denied claimant's application for benefits, concluding that claimant was not disabled. The ALJ concluded that claimant met the earnings requirement for disability insurance benefits through December 31, 1980. The ALJ, with respect to the dismissal of claimant's earlier application on December 12, 1980, found that '[s]ince no new and material evidence has been offered which would warrant re-opening and revising that prior determination, claimant's current request for a hearing as it pertained to an alleged period of disability on or before December 12, 1980, is dismissed as res judicata.' While the ALJ found that the x-rays were suggestive of ankylosing spondylitis, he also found that '[t]here is little in the way of physical abnormality, however, that would account for claimant's complaint of disabling pain.' The ALJ concluded that claimant's inability to walk without a crutch was exaggerated, and that claimant could participate in substantial gainful employment of a light and sedentary nature. The ALJ found that claimant 'most closely approximates Rule 202.20 of the Social Security Regulations No. 4 and 16 and within the framework of that rule is found not disabled.' Finally, the ALJ concluded that '[c]laimant's testimony as to severe pain, suffering and total disability not being supported by the weight of the medical evidence is in that regard found to be not credible.' On September 9, 1982 the Appeals Council denied review.
 
 
 9
 Claimant sought further review by filing a complaint in the district court on September 28, 1982. On December 22, 1983, the magistrate determined that the Secretary's decision that the claimant was not disabled prior to March 1981 was supported by substantial evidence. However, since claimant's insured status expired December 31, 1980, claimant was, therefore, entitled only to supplemental security income. The district court agreed with the magistrate's determination and remanded the case for an award of supplemental security income.
 
 
 10
 Claimant contends that the ALJ erred in assessing his complaints of pain. We need only assess evidence of pain prior to March 1981 since the magistrate has determined that the ALJ's finding of no disability after March 1981 was not supported by substantial evidence and the Secretary has not appealed.
 
 
 11
 Pain may constitute a disability in the presence of a physical or mental impairment which is demonstrable 'by medically acceptable clinical and laboratory diagnostic techniques.' 42 U.S.C. Sec. 423(d)(3); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975); Miracle v. Celebrezze, 351 F.2d 361, 374 (6th Cir. 1965). However, '[t]here is no requirement that the underlying medical basis for subjective complaints of pain clearly indicate that such pain would be inevitable.' Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 386 (6th Cir. 1978). Claimant properly asserts that the ALJ erred in requiring that the extent of claimant's pain be established by objective findings. Claimant need only show that there is a medically determinable basis for the pain and does not need to show that the objective findings support the extent of the pain. Wiggins v. Schweiker, 679 F.2d 1387, 1391 (11th Cir. 1982). See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); Cook v. Heckler, 739 F.2d 396, 398 (8th Cir. 1984). In this case, the ALJ found that the regulations required that 'subjective symptoms of musculoskeletal pain and limitation of motion be conceded only insofar as the complaints are supported by clinical and laboratory diagnostic techniques.' (Emphasis added). Since the ALJ applied an improper standard in assessing claimant's complaints of pain, the ALJ is required to reassess the evidence of disability on remand.
 
 
 12
 Claimant also contends that the ALJ erred in resorting to the grid since there is evidence of nonexertional impairments in the form of mental disability and pain. Claimant's assertion with respect to the mental impairment has no merit since absolutely no evidence of mental impairment prior to March 1981 was presented to the ALJ. Section 200.00(e) of Appendix 2, of 20 C.F.R. Part 404 provides that '[s]ince the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations. . . .' The section further provides that where the impairment is solely nonexertional the rules may be given consideration but do not direct factual conclusions of disabled or not disabled. Where an individual suffers from exertional and nonexertional impairments but a finding of disability is not required on account of the exertional impairment, the rules 'provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.' In this case, the record indicates that the ALJ did not consider the grid conclusive, but, as required by the regulations, only considered the rules as a framework within which to consider the evidence. Therefore, the ALJ's use of the grid was not erroneous.
 
 
 13
 Claimant also contends that the ALJ erred in holding that the December 12, 1980 denial of claimant's earlier application was res judicata on the issue of disability prior to that date. The ALJ based his decision on the fact that claimant presented no new or material evidence that he was disabled prior to December 12, 1980. The decision whether to reopen a claim is entrusted to the discretion of the Secretary and this court has no jurisdiction to review that decision in the absence of a constitutional claim. Califano v. Sanders, 430 U.S. 99, 108-09 (1977); Carter v. Heckler, 712 F.2d 137, 142 (5th Cir. 1983); Stauffer v. Califano, 693 F.2d 306, 307 (3d Cir. 1982); Matos v. Secretary of Health, Education and Welfare, 581 F.2d 282, 285-86 (1st Cir. 1978). Therefore, we do not review the Secretary's findings in this regard.
 
 
 14
 Accordingly, the case is REMANDED to the Secretary for proceedings consistent with this opinion.