Robert W. McHENRY, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 87–342.

United States District Court, W.D. Pennsylvania.

June 4, 1987.

Pamela M. Schiller, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

Robert W. McHenry brought this action for judicial review of the Secretary's final decision that he was not entitled to disability benefits. For the reasons set forth, the decision of the Secretary must be affirmed.

McHenry first applied for disability insurance benefits on April 29, 1982. McHenry alleged he had been disabled since October, 1979 because of a broken neck. The application was denied initially, on May 28, 1982, and on reconsideration, on August 26, 1982. McHenry did not request an administrative hearing.

McHenry again applied for disability insurance benefits on June 7, 1985. McHenry again alleged he had been disabled since October, 1979 because of a broken neck. This application was denied initially and on reconsideration. At McHenry's request, a hearing was held before an Administrative Law Judge (ALJ). The ALJ found 1) the prior denial of benefits was administrative res judicata as to the question of disability through the date of the prior denial; 2) there were no grounds to reopen the prior decision; and 3) during the relevant period, i.e. after the prior denial but before McHenry's insured status expired, McHenry retained the residual functional capacity to perform certain light jobs identified by the vocational expert. The Appeals Council denied McHenry's request for review thereby making the ALJ's decision the final decision of the Secretary.

McHenry then commenced the present action under 42 U.S.C. § 405(g). Before the Court are cross motions for summary judgment.

The Secretary found the prior denial of benefits was administrative res judicata as to the question of disability through the date of the prior denial. McHenry contends administrative res judicata is inapplicable because he did not have a hearing on the prior application. In support of his position, McHenry relies on *Dealy v. Heckler*, 616 F.Supp. 880 (W.D.Mo.1984).

The Social Security regulations give the force of finality to the two levels of decisions below the administrative hearing, if such decisions are not appealed. Initial determinations and reconsideration decisions are "binding" unless a timely appeal is filed. 20 C.F.R. §§ 404.905 and 404.921. The Third Circuit has held that prehearing administrative decisions may be final and properly treated as preclusive of a subsequent claim. *Domozik v. Cohen*, 413 F.2d 5 (3d Cir.1969) (per curiam). *Accord Thompson v. Schweiker*, 665 F.2d 936 (9th Cir.1982); *Andrews v. Harris*, 635 F.2d 1362 (8th Cir.1980); *Rios v. Secretary*, 614 F.2d 25 (1st Cir.1980); *Gaston v. Richardson*, 451 F.2d 461 (6th Cir.1971); *Leviner v. Richardson*, 443 F.2d 1338 (4th Cir.1971). *See generally* 2 Social Security Practice Guide § 18.01[1] (1986) and Annotation, *Applicability of Doctrine of Administrative Res Judicata to Determinations by Secretary HEW that Claimant Not Entitled to Social Security Disability Benefits*, 14 A.L.R.Fed. 776 (1973).

■ Accordingly, the prior denial of benefits is administrative res judicata as to the question of McHenry's disability through the date of the prior denial, August 26, 1982, even though McHenry did not have a hearing on the prior application.

The Secretary found there were no grounds to reopen the prior decision. McHenry had submitted new evidence covering the previously adjudicated period: two reports from McHenry's treating doctor. The Secretary found the new evidence was not material to the prior decision and there was nothing on the face of the prior decision which showed that it was incorrect.

■ The decision of the Secretary not to reopen a previously adjudicated claim cannot be reviewed by the courts, unless the challenge is based on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977);

*Stauffer v. Califano*, 693 F.2d 306 (3d Cir. 1982).

Accordingly, the decision not to reopen McHenry's prior decision is not subject to review.

The Secretary found that during the relevant period, i.e., after the prior denial on August 26, 1982 but before McHenry's insured status expired on March 31, 1984, McHenry was not disabled. McHenry contends this determination is not supported by substantial evidence.

McHenry was born June 2, 1935 and was 48 years old on March 31, 1984, the date he last had disability insured status. McHenry has a GED and additional training as a welder. McHenry has worked as a truck driver and a burner in a scrap metal yard, and as a laborer and a welder. In September, 1977 McHenry sustained a fractured dislocation of Cl–2 as a result of a fall at work. Following surgery in December, 1977, McHenry returned to work but stopped working in October, 1979, the date he alleged as the onset of disability.

In order to evaluate McHenry's claim, the Secretary undertook the five step sequential analysis set out in the medical-vocational regulations. The Secretary found 1) McHenry had not engaged in substantial gainful activity since October 2, 1979; 2) before McHenry's disability insured status expired, McHenry had nerve degeneration of the cervical spinal cord manifested by progressive weakness of the upper and lower extremities; 3) McHenry did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix I, Subpart P, Regulation No. 4; 4) McHenry was unable to perform his past relevant work and 5) McHenry retained the residual functional capacity to perform light, unskilled jobs such as self-service gas station attendant and security guard.

The medical evidence established that McHenry sustained a fractured dislocation of Cl–2 in September, 1977; underwent two surgical procedures, in December, 1977 and in April, 1980; and was followed by Dr. Roberto C. Heros, a neurosurgeon, and then by Dr. Howard Yonas, a neurosur-geon, until February 11, 1982. About that time McHenry's chief complaints were right arm, right hand, and right leg numbness, burning and weakness. From February 11, 1982 until July 23, 1985 McHenry received no medical attention. On July 23, 1985 McHenry returned to Dr. Yonas because of deterioration in arm and leg function.

■ There is no medical evidence covering the relevant period, August 26, 1982 to March 31, 1984. Even assuming that McHenry was disabled when he returned to Dr. Yonas on July 23, 1985, there is no basis in this record for concluding that McHenry's condition became disabling before his disability insured status expired on March 31, 1984, rather than after that date. McHenry's three year hiatus, from February 11, 1982 to July 23, 1985, in seeking medical attention is consistent with an inference that his condition remained somewhat stable over this period. McHenry's decision to return to his doctor on July 23, 1985, because of a deterioration in function is likewise consistent with an inference that the deterioration occurred closer to the time McHenry returned to the doctor rather than 16 months earlier when his disability insured status expired, on March 31, 1984.

For the foregoing reasons, the Court is constrained to conclude the decision of the Secretary must be affirmed. An appropriate order will be entered.

## ORDER

AND NOW June 4, 1987 in accordance with the foregoing memorandum opinion, IT IS HEREBY ORDERED that the Secretary's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.