**William H. HAAS, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary, Health and Human Services, Defendant.**

**Civ. A. No. 85–1012.**

United States District Court, M.D. Pennsylvania.

Oct. 8, 1987.

---

Jon C. Lyons, Lancaster, Pa., for plaintiff.

Gordon A.D. Zubrod, Asst. U.S. Atty., for defendant.

## ORDER

RAMBO, District Judge.

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) The report and recommendation of Magistrate Smyser are adopted;

2) Plaintiff's motion for summary judgment is denied;

3) Defendant's motion for summary judgment is granted;

4) The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff and close the file.

## MEMORANDUM

This is a social security disability case brought under 42 U.S.C. § 405(g). The case is before the court for a second time. The first time the case was before the court, it was remanded to the Secretary. *See* Memorandum and Order of June 30, 1986. The Secretary conducted further proceedings and awarded benefits. (Tr. 369–370, 379, 408).

On October 29, 1986 the court granted the plaintiff's motion to retain jurisdiction over the case so that the plaintiff could challenge the Secretary's determination as to the date his disability commenced. *See* Document 19. The plaintiff and the Secretary have filed cross-motions for summary

judgment. The matter was submitted to a magistrate who subsequently filed a report recommending that plaintiff's motion for summary judgment be denied and the Secretary's motion for summary judgment be granted. Plaintiff has filed exceptions to the magistrate's report. The first three exceptions are a reargument of the issues that were adequately and correctly decided by the magistrate and will therefore not be addressed by the court.

Plaintiff takes exception to the magistrate's report for not addressing certain issues raised in plaintiff's reply brief to defendant's supplemental brief on the motion for summary judgment. Plaintiff claims that prior determinations must be reopened to correct errors on the fact of the evidence. Plaintiff cites the Secretary's regulation at 20 C.F.R. § 404.988(c)(8). Plaintiff argues,

... the prior determinations in Mr. Haas' case should be reopened to prevent a manifest injustice since, by the evidence, he has clearly been disabled throughout the entire period covered by his serial applications for disability. In addition, there are elements of clear error in the record which further justify reopening of the prior determinations.

Plaintiff's Reply Brief at 24.

■ Plaintiff does not identify what evidence shows that "he was clearly disabled throughout the entire period...." He states that Mr. Payne's psychological report supports this contention and the ALJ failed to give importance to the report. The August 25, 1986 report does state "all his dissatisfactions, resentments, and inner struggles all seem to come together in an overwhelming manner when his wife left him in October of 1976 ... (Tr. 688). This does not support plaintiff's contention that he was "clearly disabled throughout the entire period...."

Plaintiff further argues that the first hearing should be reopened because counsel failed to appeal and the second hearing should be reopened because he did not have counsel and the ALJ failed to develop the record. The only thing plaintiff points to in support of this latter conclusion is a claim the ALJ did not take the testimony of plaintiff's wife and mother except in a perfunctory manner. (Plaintiff's Brief at 25.) The ALJ permitted both individuals the opportunity to expand upon plaintiff's testimony. They were not interrupted. Plaintiff's claim is without merit.

Plaintiff further claims that 42 U.S.C. § 405(g) requires that the prior determinations be reopened. Plaintiff argues that because Dr. Payne's diagnosis was based on plaintiff's history and events which happened to him during the course of his life, a mental impairment can be related back to 1977. As noted above, Dr. Payne did point to significant events in plaintiff's life in 1976–1997, he did not state that plaintiff was precluded from employment during that period of time.

■ Plaintiff's last argument is that the ALJ decision of September 11, 1986 was a de facto reopening of the prior claims. At page 404 of the transcript the ALJ specifically stated that he was not reopening the prior applications. He found that reopening the first application was barred due to administrative finality, and that good cause did not exist for reopening any of the applications. Plaintiff argues that testimony about plaintiff's employment history, discussions of events pre–1983, and questions presented to the vocational expert concerning a vocational profile given in a 1984 hearing in determining the merits of this case, has in effect opened the prior decisions. Prior work history is important in reaching a determination of disability at a present time. 20 C.F.R. 404.1520(e). Plaintiff's exceptions are without merit.

## REPORT OF MAGISTRATE

J. ANDREW SMYSER, United States Magistrate.

This is a social security disability case brought under 42 U.S.C.S. § 405(g). The case is before the court for a second time. The first time the case was before the court, it was remanded to the Secretary. *See* Memorandum and Order of June 30, 1986. The Secretary conducted further

proceedings and awarded benefits (Tr. 369–370, 379, 408).

On October 29, 1986, the court granted the plaintiff's motion to retain jurisdiction over the case so that the plaintiff could challenge the Secretary's determination as to the date his disability commenced. *See* Document 19. The plaintiff and the Secretary have filed cross-motions for summary judgment. The motions have been briefed and are ripe for disposition.

The plaintiff initially filed an application for disability insurance benefits on November 23, 1978, alleging disability as of September 1, 1977 due to a degenerated spine (Tr. 104–107). The application was denied initially and upon reconsideration (Tr. 108–112). A hearing was held before an administrative law judge (ALJ). In a decision dated August 19, 1979, the ALJ found the plaintiff not to be disabled. In a decision dated November 19, 1979, the Appeals Council declined to review the ALJ's decision. The ALJ's decision therefore became the final decision of the Secretary. The plaintiff did not seek judicial review.

On January 2, 1981, the plaintiff filed a second application for disability insurance benefits alleging disability as of February 20, 1980 due to a sprain of the lower back (Tr. 183–186). The application was denied (Tr. 241–242). The plaintiff did not further pursue the matter.

On October 3, 1983, the plaintiff filed a third application for disability insurance benefits alleging disability as of May 20, 1983 due to problems with his neck and back including a perianal cyst (Tr. 187–190). The application forms the basis of the instant dispute. The application was denied initially and upon reconsideration. On July 12, 1984, a hearing before an ALJ was held on the application. In a decision dated November 29, 1984, the plaintiff was found not disabled. On May 22, 1985, the Appeals Council declined to review the ALJ's decision. The ALJ's decision therefore became the final decision of the Secretary. The plaintiff sought judicial review of the Secretary's decision. On June 30, 1986, this court remanded the case to the Secretary.

In the interim, on April 4, 1985, the petitioner filed a fourth application for disability insurance benefits alleging disability since May 20, 1983, the same onset date alleged in the third application, due to a cyst at the base of his spine (Tr. 592–595). The application was denied initially and upon reconsideration (Tr. 596–600). The plaintiff thereupon sought a hearing before an ALJ on the application.

On August 27, 1986, a hearing was held before an ALJ. The ALJ considered the plaintiff's third application, before him on remand, the plaintiff's fourth application, and the plaintiff's motion to reopen the prior determinations (Tr. 413–421). In a decision dated September 11, 1986, the ALJ found the plaintiff to have become disabled as of May 20, 1983, the dates alleged in his third and fourth applications, and awarded benefits (Tr. 396–405). The ALJ declined to reopen the prior determinations. The Appeals Council adopted the decision of the ALJ (Tr. 379).

■ The plaintiff seeks to challenge the Secretary's decision not to reopen the prior determinations. The federal courts do not have jurisdiction to review a decision not to reopen unless the decision is challenged on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The plaintiff argues that *Sanders* does not bar review of the Secretary's decision in this case for several reasons. We address them seriatim.

The plaintiff first contends that the Secretary has constructively reopened the prior determinations and therefore we may review the decision under *Purter v. Heckler*, 771 F.2d 682 (3d Cir.1985). In *Purter*, the claimant had filed three separate applications for benefits. He did not seek judicial review of the first application after it was denied by an ALJ. He did seek judicial review of the Secretary's denial of benefits on the second application. The court upheld the Secretary's decision. The claimant then filed a third application for benefits after his insured status had expired. The ALJ accepted and reviewed evidence of the claimant's condition and rendered a decision on the merits adverse to the claim-

ant. The claimant sought judicial review. The district court held that its opinion, rendered after the claimant's insured status had expired, affirming the Secretary's denial of the claimant's second application was *res judicata* up to that date and that any showing of disability thereafter could not entitle him to benefits.

The Third Circuit Court of Appeals held that *Sanders* and *Stauffer v. Califano*, 693 F.2d 306 (3d Cir.1982) did not bar review of the Secretary's decision on the claimant's third application:

> In the case before us, there is no evidence that the application was submitted or treated as a petition to reopen. Here, unlike in *Stauffer*, the Secretary made no specific denial of a request to reopen. To the contrary, the Secretary took new evidence and made an adverse ruling on the merits. The ALJ's decision to deny benefits upon Purter's final application was not based on *res judicata* grounds, but rather, on claimant's alleged failure to demonstrate a "severe impairment."

693 F.2d at 693.

In the instant case, the third application had been remanded to the Secretary. The plaintiff had also filed a fourth application for benefits which asserted the same date of disability and similar causes as asserted in the third application. The ALJ considered both applications together at the rehearing. At the rehearing, the plaintiff's counsel orally moved to reopen the prior determinations (Tr. 421). The ALJ considered the motion as a motion to reopen the first application (Tr. 397–398). The ALJ considered the motion under the regulations governing reopening of prior determinations (Tr. 404).

The Secretary considered the motion to reopen the prior application as such. Only the merits of the third application was considered in accordance with the court's remand. *Purter* is inapplicable.

■ The plaintiff also argues that portions of Section 5 of the Social Security Disability Benefits Reform Act of 1984 (SSDBRA), Pub.L. No. 98–460, 98 Stat. 1794, 1801–02, requires reopening of the prior determinations. We disagree. Sec-

tion 5(c)(1) provides that a claimant who had a pending claim for mental disability that was denied after October 9, 1984, the date the SSDBRA was enacted, and before August 28, 1985, the date the Secretary's revised Mental Disorder Regulations were published at 50 Federal Register 35,065 (1985), codified at 20 CFR § 404, Subpart P, Appendix 1, is entitled to a redetermination of the application under the new regulations. Section 5(c)(3) provides that a claimant with a mental impairment who was found not disabled pursuant to an initial disability determination between March 1, 1981 and October 9, 1984 and who reapplies for benefits under Titles II or XVI before October 9, 1985 (one year after enactment of the SSDBRA), is entitled to have the "most recent prior determination" reopened.

The plaintiff filed his third application for benefits on October 3, 1983. The application was finally denied by the Secretary on May 22, 1985. The plaintiff filed his fourth application on April 4, 1985. Assuming *arguendo* that the plaintiff qualifies under both Section 5(c)(1) and 5(c)(3), neither provision requires the Secretary to reopen his first or second application. The third application would be the application required to be reopened or reconsidered. The plaintiff has been awarded benefits on that application on remand.

■ Finally, the plaintiff claims that he was denied a fair hearing thereby violating his right to due process. The plaintiff did not raise a constitutional claim in his initial brief, but after the Secretary had argued that *Califano v. Sanders* precludes review of the Secretary's decision not to reopen, the plaintiff in his supplemental brief sought to recast his claim that the Secretary's decision not to reopen the prior determinations was not supported by substantial evidence as a due process claim.

In *Stauffer v. Califano*, the court noted that, "the constitutional questions contemplated by *Sanders* deal with incompetency and lack of counsel." 693 F.2d 306, 307 (3d Cir.1982). Subsequently, in *Penner v. Schweiker*, 701 F.2d 256 (3d Cir.1983), the

court found that a constitutional claim of lack of competency was made out where the plaintiff, who had had a prefrontal lobotomy, was claiming that he was incompetent to understand and pursue his right to a hearing before an ALJ and that he therefore did not receive adequate notice of his right to the hearing. *Id.* at 259–261. In short, the constitutional claim must be collateral to the merits of the Secretary's decision not to reopen the prior determination. *E.g.: Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975) (challenge to the constitutionality of a provision of the Social Security Act, "Eldridge's constitutional challenge is entirely collateral to his substantive claim of entitlement." *Id.* at 330, 96 S.Ct. at 900); *Jensen v. Schweiker,* 709 F.2d 1227, 1229 (8th Cir.1983) (challenge to adequacy of notice to claimant of effect of abandoning a claim for benefits after reconsideration of the application).

The plaintiff's colorable constitutional claim is not collateral to the merits of the Secretary's decision not to reopen. The plaintiff notes that since the Secretary found on remand that he was disabled due to a mental impairment, an impairment not advanced by him in the first or second application which he seeks to reopen, the mental impairment is a new claim. He relies on *McGowen v. Harris,* 666 F.2d 60 (9th Cir.1981) in support of his argument that *res judicata* therefore does not apply and may not be used to preclude review of the new claim. The plaintiff's reliance on *McGowen* is misplaced. In *McGowen,* the Secretary had applied *res judicata* prospectively, denying a later application, which contained a new claim or ground for benefits, without taking evidence. *McGowen* held that apart from a constitutional claim, the federal courts do not have jurisdiction to review a decision not to reopen unless the prior decision has, in reality, been reopened and the evidence of disability presented in the prior application reexamined. In the instant case, the Secretary did not effectively reopen the prior applications. *See supra,* at 89.

The plaintiff raises two additional arguments challenging the merits of the Secretary's decision not to reopen. As we discussed *supra,* we do not have jurisdiction to review the Secretary's decision.

For the foregoing reasons, it is hereby recommended that:[1]

1. The plaintiff's motion for summary judgment be denied; and

2. The Secretary's motion for summary judgment be granted.

Dated: August 18, 1987.

---

1. We make no recommendation regarding plaintiff's motions for attorney's fees filed December 22, 1986 and May 15, 1987 in accordance with the Court's Order of January 7, 1987 because a final judgment has not been entered in the case.