**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4620
_____

LESHIA I. ROBINSON-JONES,
Appellant

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1:11-cv-01206)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 24, 2013)
_____

OPINION
_____

PER CURIAM

Leshia I. Robinson-Jones appeals pro se from an order of the District Court

affirming the administrative denial of her application for disability insurance benefits,

and the District Court's judgment in favor of the Commissioner.  We will affirm.

**I.**

In 2008, Robinson applied for disability insurance benefits under Title II of the Social Security Act (the "Act").[1] Robinson alleged disability as of November 2003 on the basis of back and neck injury, vision problems, emotional stress, asthma, and chronic obstructive pulmonary disease. Robinson's claims were initially denied, and she requested a hearing before an administrative law judge ("ALJ"), which took place on October 5, 2010. At the administrative hearing, Robinson amended the alleged onset date of her disability to August 7, 2008, when she was fifty-three years old. The ALJ found that Robinson was not under a disability prior to July 28, 2010, but became disabled on that date when her age category changed.

Robinson appealed, and the Appeals Council of the Social Security Administration declined further review, making the ALJ's decision the final agency decision. Robinson then sought judicial review, and both Robinson and the Commissioner filed motions for summary judgment. In November 2013, the District Court entered an order denying Robinson's motion and granting the Commissioner's motion, thus affirming the ALJ's decision. On December 3, 2013, the District Court entered judgment in favor of the Commissioner. Robinson timely appealed.

---

[1] Robinson previously filed a disability insurance benefits application in February 2006, which resulted in a final decision dated August 6, 2008, denying her claim. Robinson appealed to the District Court. Robinson-Jones v. Astrue, Civil Action No. 10-00588 (D. Del. Mar. 28, 2012). By Order entered March 28, 2012, judgment was entered in favor of the Commissioner and against Robinson, and she did not appeal.

2

**II.**

The District Court had jurisdiction under 42 U.S.C. § 405(g), and we exercise appellate jurisdiction under 28 U.S.C. § 1291. Our review is deferential and is limited to determining whether the ALJ's decision is supported by substantial evidence. See, e.g., Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (internal quotation omitted). Where findings are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g); see Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

To qualify for disability benefits, an applicant must demonstrate that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Further, the applicant's physical or mental impairments must be "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A five-step, sequential evaluation is used to determine whether an applicant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine: (1) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments;

3

(3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity ("RFC")[2] to perform her past relevant work; and (5) whether the applicant is capable of performing other jobs that exist in the national economy, considering her age, education, work experience, and RFC. § 404.1520(a)(4); Poulos v. Comm'r, 474 F.3d 88, 91-92 (3d Cir. 2007).

Only the fifth step is at issue here, where the ALJ determined that Robinson had the RFC to perform sedentary work.[3] The ALJ further determined that, prior to July 28, 2010, there were jobs that existed in significant numbers in the national economy that Robinson could have performed. Accordingly, the ALJ concluded that Robinson was not under a disability prior to July 28, 2010.

**III.**

In her motion for summary judgment, Robinson sought remand and/or an award of benefits on four grounds, including that the Commissioner erred as a matter of

---

[2] The term "RFC" addresses what a claimant can still do despite her limitations. § 404.1545(a)(1). It is assessed using all relevant evidence from the record, including statements from medical sources and a claimant's own description of limitations. § 404.1545(a)(3).

[3] In determining the physical exertion requirements of work in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." § 404.1567(a).

law in failing to accord adequate weight to the opinion and assessment of her long-time treating physician, Dr. Ronald Goodman.[4]  Robinson's arguments had been previously raised in a prior case she brought seeking disability insurance benefits.  Robinson-Jones v. Astrue, Civil Action No. 10-00588 (D. Del. Mar. 28, 2012).  In that case, the District Court entered judgment in favor of the Commissioner and against Robinson, and she did not appeal.  Of the four claims made in her motion for summary judgment, Robinson has only raised her "adequate weight" argument in her current appeal.  This Court agrees with the District Court that the principles of res judicata apply to Robinson's claim, and we decline to readdress the issue.  See Stauffer v. Califano, 693 F.2d 306, 307 (3d Cir. 1982); 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1).

The District Court also addressed a fifth argument raised by Robinson in her opposition to the Commissioner's motion for summary judgment: that substantial evidence did not support the ALJ's finding that she had the RFC to perform sedentary work prior to July 2010.  A liberal reading of her appeal to this Court also raises a challenge to the ALJ's RFC determination.  Accordingly, we will address this argument.

The District Court conducted a comprehensive analysis of the medical evidence, and correctly determined that the ALJ's RFC assessment was supported by substantial evidence.  The RFC assessment is consistent with the advice of Dr. Kennedy

---

[4] Robinson also asserted that the Commissioner (1) relied upon a hypothetical question that was deficient as a matter of law and not supported by substantial evidence; (2) erred in failing to resolve the conflicts between the vocational expert testimony and the Dictionary of Occupational Titles; and (3) failed to sustain his burden of establishing that there is other work in the national economy that she can perform.

5

Yalamanchili, a surgeon who performed Robinson's cervical discectomy and fusion in March 2009, and who advised her only to avoid heavy lifting and repetitive above-the-shoulder activity. It is also consistent with a state agency physician who reviewed Robinson's claim for benefits in January 2009. Regarding Robinson's alleged mental impairments, the District Court properly noted that the ALJ was not required to accept the assessment of Ms. Nancy Ball, a licensed clinical social worker. See 20 C.F.R. §§ 404.1513(a), 416.913(a); cf. Hartranft, 181 F.3d at 361 (a chiropractor's opinion is not an acceptable medical source entitled to controlling weight). The District Court also noted that two state agency psychologist who reviewed Robinson's claim for benefits in 2009 opined that she did not have a severe mental impairment. Accordingly, we agree with the District Court that the ALJ's determination is supported by substantial evidence. See Fargnoli, 247 F.3d at 38.

For these reasons, and in light of our overall examination of the record, we will affirm the judgment of the District Court.